## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: MARILYN TORRES      :
   **Debtor**         :
                :  CHAPTER 13
PNC BANK NATIONAL ASSOCIATION :
   **Moving Party**     :  Case No. 16-17312 (MDC)
  v.             :  **Hearing Date:** 12-18-18 at 10:30 am
                :
 MARILYN TORRES      :  Courtroom No. 2
   **Respondent**      :
                :
WILLIAM C. MILLER      :
   **Trustee**        :
_____:

## OBJECTION TO PROOF OF CLAIM # 2

  Debtor, Marilyn Torres, by her attorney, Stephen M. Dunne, pursuant to 11 U.S.C. § 502 and F.R.B.P. 3007 hereby objects to Proof of Claim Number 2 of PNC Bank, National Association ("PNC Bank") and states the following reasons in support thereof:

1. Debtor received a chapter 7 discharge (Case # 14-18310).

2. Debtor's personal liability to any and all unsecured debt, including the claim filed by PNC Bank is extinguished by virtue of the chapter 7 discharge order.

3. Debtor filed the instant chapter 13 case to avoid a mortgage lien held by PNC Bank.

4. The Court entered a Default Judgment against PNC Bank on 05/31/18 (Case # 17-00331).

5. The Court confirmed the debtor's chapter 13 plan on 07/26/18.

6. The Chapter 13 Trustee contends that the secured PNC Bank claim has been expressly converted into an unsecured claim and requests an objection to the PNC Bank claim in order to refund the proceeds on hand ($4,745.86) to the debtor.

7. Debtor takes the position that the chapter 7 discharge order is self-executing and PNC Bank's claim is $0.00.

The Proof of Claim No. 2 filed by PNC Bank is unenforceable and should be disallowed pursuant to 11 U.S.C. 502(b)(1).

  WHEREFORE, Debtor requests the Court to sustain her objection and disallow the claim and enter the attached Order.

                      Respectfully submitted,

                      Stephen M. Dunne, Esquire
                      /s/ Stephen M. Dunne
                      Attorney for Debtor